### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| DR. ROBBIE L. SWINT, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-1093 |
| | ) | |
| v. | ) | Filed: August 13, 2025 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER</u>

On June 27, 2025, Plaintiffs Robbie and Natasha Swint, proceeding pro se, commenced this civil action against the United States of America without paying the requisite filing fees. *See* Pls.' Compl., ECF No. 1. On July 1, 2025, the Court ordered Plaintiffs to pay the statutorily required filing fees or file an application to proceed *in forma pauperis* ("IFP") within 30 days of entry of the order, which was July 31, 2025. *See* Order at 1, ECF No. 4. The Court warned Plaintiffs that their Complaint would be dismissed for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims ("RCFC") if they did not comply. *See id.* On July 28, 2025, the Court received a notice from Plaintiffs indicating that they had received the Court's order, understood the filing requirements, and would review their "financial situation." *See* Notice to the Court at 1, ECF No. 9. The Court has received no further filings from Plaintiff since that Notice.

RCFC 41 allows the Court to dismiss a case *sua sponte* "[i]f the plaintiff fails to prosecute or to comply with [the court's] rules or a court order." RCFC 41(b). That Plaintiffs are proceeding pro se does not change this requirement. *See Duncan v. United States*, 432 F. App'x 963, 965–66 (Fed. Cir. 2011) (affirming dismissal of a pro se plaintiff's case where the court's order "was clear

and unambiguous in stating that it could dismiss [the plaintiff's] case" if she did not comply with the order); *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) ("While dismissal of a claim is a harsh action, especially to a pro se litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).

The Court's July 31, 2025, deadline passed nearly two weeks ago, and Plaintiffs still have not paid the filing fee or filed an IFP application. Plaintiffs have failed to comply with this Court's unambiguous rules and orders, despite ample opportunity to do so, a clear warning of dismissal for noncompliance, and acknowledging that they understood the Court's filing requirements. Accordingly, Plaintiffs' Complaint is **DISMISSED** without prejudice for failure to prosecute under RCFC 41(b). The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.


Dated: August 13, 2025                          */s/ Kathryn C. Davis*
                                                KATHRYN C. DAVIS
                                                Judge